The opinion of the court was delivered by
Fenner, J.
The plaintiff bank sues as holder and owner of two promissory notes purporting to be signed by the commercial firm of Earle & Scott, and claims judgment against the defendant as a member of said firm.
Scott filed answer averring that “ what purports to be the signature of the firm of Earle & Scott to the notes sued on was placed there by Henry T. Earle without the knowledge or consent of said firm or of defendant herein; and further, that said firm derived no benefit from said notes, and that said Earle was without any authority whatever to sign the firm name thereto, the same having been given by said Earle as accommodation paper.”
The firm of Earle & Scott was composed of Mrs. S. S. Earle and H. B. Scott, Mrs. Earle being the wife of Henry T. Earle.
The articles of partnership were in writing and contained the following clause: “It is further agreed that H. T. Earle, husband of Sarah S. Earle, shall represent-her in said partnership, and she does hereby constitute her said husband her agent to represent her in said commercial partnership, and he, the said H. T. Earle, is hereby acknowledged by said firm as such, to do and perform all acts pertaining to said agency, and his acts shall be recognized the same as if a member of said firm.”
*786 It seems to us that this language expressly confers upon Earle all the powers of a partner and authorizes him to act as such and binds the firm to recognize his acts just as if he were a member of the firm. His signature of the firm name to these notes must, therefore, be given the same force and effect as if he had been a member of the firm.
The power of a commercial partner to bind his firm and his co-partner by notes given in the name of the firm, in matters relating to the business of the firm, does not admit of question. The party who takes such a note can not hold the firm if it has been given for matters not relating to the firm’s business; but if the note be negotiable and pass into the hands of bona fide third holders,- such, holders are not affected by want of authority or by the fact that it was given in a matter not relating to the firm’s business. Walworth vs. Henderson, 9 An. 339; Martin vs. Muncy, 40 An. 190.
Third persons are not bound by special limitations in the articles of partnership of which they have no notice. Gruner vs. Stucken, 39 An. 1076.
In this case it is not made very clearly to appear how the plaintiff acquired the notes, or whether the notes were given in matters relating to the business of the firm or enuring to its benefit, or whether plaintiff had notice of the limitations on the partner’s authority.
Indeed, the judge a quo restricted evidence on these points, and evidently proceeded on the assumption that the firm could, under no circumstances, be bound by the signature of H. T. Earle, considering that the articles of partnership conferred no such authority.
In this we think he erred, but considering the importance of the case and that there may be defences other than Earle’s lack of any authority whatever, and particularly considering that the defendant has not been represented on this appeal, we deem it best simply to reverse the judgment and remand the cause.
It is therefore adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that the case be remanded to the lower courts to be there proceeded with according to law and the views herein expressed.